**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 24, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-21258
Conference Calendar

_____

ERIC CANTRELL HOLMES,

                                        Plaintiff-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-3486
--------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

    ERIC CANTRELL HOLMES (HOLMES), the alleged corporate entity

of which Eric Cantrell Holmes (Holmes), Texas prisoner # 78102,

is the authorized representative, appeals the district court's

dismissal of this 42 U.S.C. § 1983 action as frivolous and for

failure to state a claim.  HOLMES also appeals the district

court's denial of a FED. R. CIV. P. 59(e) motion to alter or

amend the judgment.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

HOLMES contends that the district court erred by failing to recognize it as a corporate entity separate and apart from Holmes. HOLMES asserts that Janie Cockrell, the Director of the Texas Department of Criminal Justice, Institutional Division, is violating its contractual rights by enforcing two judgments of conviction against Holmes. The appellant's implied contention is that Holmes should be relieved of criminal liability under the terms of his contract with HOLMES.

Even assuming that HOLMES exists as a corporate entity, we find that these arguments are frivolous. Neither Holmes nor any corporate entity could create an enforceable contract to avoid the criminal liability stemming from the two judgments of conviction against Holmes, the validity of which the appellant does not question. Cf. Palma v. Verex Assurance, Inc., 79 F.3d 1453, 1462-63 (5th Cir. 1996); In re T.M., 33 S.W.3d 341, 347 (Tex. App. 2000).

DISMISSED AS FRIVOLOUS.